IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GENE CROWE, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL NO. 11-354-GPM |
| | ) |
| STRONG BUILT, INC.; STRONG BUILT INTERNATIONAL, LLC; STRONG BUILT OUTDOORS, LLC; BPS CATALOG, L.P.; and BASS PRO SHOPS, INC., | ) ) ) ) |
| | ) |
|        Defendants. | ) |

## **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

      This matter is before the Court on Plaintiff's motion for leave to file an amended complaint to correctly name certain defendants.[1] The Court has reviewed the proposed amended complaint to determine whether subject matter jurisdiction has been properly pleaded. *See generally* FED. R. CIV. P. 12(h)(3); *Hammes v. AAMCO Transmissions, Inc.*, 33 F.3d 774, 778 (7th Cir. 1994) ("the court has an independent duty to satisfy itself that it has subject-matter jurisdiction"); *see also Ricketts v. Midwest Nat'l Bank*, 874 F.2d 1177, 1181 (7th Cir. 1989).

      Although not specifically pleaded, it appears that Plaintiff intends to bring this action under 28 U.S.C. § 1332 for personal injuries allegedly sustained when he fell from a ladder stand. Plaintiff properly alleges his own citizenship and the citizenship of the corporate defendants. However, Plaintiff has failed to properly allege the citizenship of the limited liability company defendants.

---

[1] Plaintiff seeks to rename BPS Catalog, L.P., as BPS Catalog, LLC, and to rename Bass Pro Shops, Inc., as Bass Pro, Inc.

*See Belleville Catering Co. v. Champaign Mkt. Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003) (limited liability companies are citizens of every state of which any member is a citizen).  Without knowing the identity and citizenship of the member(s) of Strong Built International, LLC; Strong Built Outdoors, LLC; and BPS Catalog, LLC, the Court cannot determine whether diversity of citizenship jurisdiction exists.  Notably, allegations based upon information and belief are insufficient to establish subject matter jurisdiction. *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (per curiam).

"[W]hile a court must dismiss a case over which it has no jurisdiction when a fatal defect appears, leave to amend defective allegations of subject matter jurisdiction should be freely given." *Leaf v. Supreme Court of Wis.*, 979 F.2d 589, 595 (7th Cir. 1992).  Accordingly, Plaintiff's motion for leave to file an amended complaint (Doc. 17) is **GRANTED in part and DENIED in part**.  It is granted to the extent that Plaintiff is granted leave to correct the names of certain defendants.  It is denied to the extent that Plaintiff must correct the jurisdictional deficiencies identified above before filing his amended complaint.  Pursuant to 28 U.S.C. § 1653, Plaintiff is **ORDERED** to file an Amended Complaint **on or before September 26, 2011**, to establish the citizenship of Strong Built International, LLC; Strong Built Outdoors, LLC; and BPS Catalog, LLC.[2]  Plaintiff's Amended Complaint need not be accompanied by another motion for leave to file.

**IT IS SO ORDERED.**

DATED:  09/19/11

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge

---

[2]The Court finds Plaintiff's allegations sufficient to establish the amount in controversy requirement.