IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GENE CROWE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 11-354-GPM |
| ) | |
| STRONG BUILT, INC., ) | |
| STRONG BUILT INTERNATIONAL, LLC, ) | |
| STRONG BUILT OUTDOORS, LLC, ) | |
| BPS CATALOG, LLC, and ) | |
| BASS PRO, INC., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

This matter comes before the Court on a motion filed by jointly by Defendants who seek to dismiss Plaintiff's third amended complaint, or in the alternative ask the Court to grant summary judgment (Doc. 50). The motion was filed jointly by Defendants Strong Built International, LLC ("International") and Strong Built Outdoors, LLC ("Outdoors"). Plaintiff, Gene Crowe, filed a response to Defendants' motion (Doc. 56). The Court entertained oral arguments on the motion (*See* Doc. 68). For the following reasons, Defendants' motion (Doc. 50) is **DENIED**.

Plaintiff's third amended complaint, which is the operative complaint here, contains a total of ten counts (Doc. 46). Only counts one through six are at issue in Defendants' motion (*See* Doc. 50). The first four counts of the complaint pertain to International and counts five and six pertain to Outdoors (Doc. 46). The Court will address the issues pertaining to International first and then discuss the motion as it pertains to Outdoors.

**I. Strong Built International, LLC**

Counts one and two of Plaintiff's third amended complaint are for strict liability and negligence, respectively (Doc. 46). These two counts are asserted against International as successor in interest to Strong Built, Incorporated ("Incorporated") (Doc. 46). Counts three and four are also for strict liability and negligence, respectively, and are alleged directly against International (Doc. 46).

The incident that underlies this lawsuit occurred on October 3, 2007, when Plaintiff's tree stand fell to the ground after a ratchet strap allegedly failed (Doc. 46). Plaintiff contends that Incorporated manufactured and sold the ratchet strap (Doc.46). When Incorporated ceased operations, International carried on the operation as a successor in interest (Doc. 46). Accordingly, International is responsible for the liabilities of Incorporated (Doc. 46).

Defendants point out that both Incorporated and International have been adjudicated bankrupt (Doc. 50). Incorporated's bankruptcy case was closed on March 14, 2006, which is before Plaintiff's cause of action arose (Doc. 50). Therefore, Plaintiff is foreclosed from pursuing claims against Incorporated (Doc. 50).

International was adjudicated bankrupt on January 7, 2010 (Doc. 50). Defendants contend that since Plaintiff's cause of action arose *before* International was adjudicated bankrupt, counts one through four were discharged in International's bankruptcy plan (Doc. 50). Accordingly, Defendants ask the Court to dismiss counts one through four of Plaintiff's third amended complaint (Doc. 50).

**Analysis**

Defendants' motion, as it pertains to International and Incorporated is essentially a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (*See* Doc. 50). Defendants couch the motion as one also sounding in summary judgment. However, Defendants make only one argument; they simply pose the argument under two legal standards.

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* — U.S. —, 129 S.Ct. 1937, 1949 (2009), *quoting Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). While "[s]pecific facts are not necessary," the pleaded facts must "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Erickson v. Pardus,* 551 U.S. 89, 93 (2007). The Seventh Circuit has succinctly elucidated post-*Twombly* pleading standards:

> So, what do we take away from *Twombly, Erickson,* and *Iqbal*? First, a plaintiff must provide notice to defendants of her claims. Second, courts must accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim. Third, in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements.

*Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir. 2009). It is, therefore, "not enough to give a threadbare recitation of the elements of a claim without factual support." *Bissessur v. Indiana Univ. Bd. Of Trs.,* 581 F.3d 599, 603 (7th Cir. 2009).

The standard applied to summary judgment motions under Federal Rule of Civil Procedure 56 is well-settled and has been succinctly stated as follows:

> Summary judgment is proper when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that

> there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. In determining whether a genuine issue of material fact exists, [the Court] must view the record in a light most favorable to the nonmoving party. Because the primary purpose of summary judgment is to isolate and dispose of factually unsupported claims, the nonmovant may not rest on the pleadings but must respond, with affidavits or otherwise, setting forth specific facts showing that there is a genuine issue for trial.… A mere scintilla of evidence in support of the nonmovant's position is insufficient; a party will be successful in opposing summary judgment only when it presents definite, competent evidence to rebut the motion.

*Albiero v. City of Kankakee*, 246 F.3d 927, 931-32 (7th Cir. 2001) (citations and quotations omitted).

In order to decide Defendants' motion to dismiss, the Court must interpret the relevant portion of International's bankruptcy plan. The thrust of Defendants' argument is premised on Paragraph 3.05 of the Bankruptcy Plan (*See* Doc. 50-4, ¶ 3.05). However, the Court disagrees with Defendant's interpretation of this paragraph. Paragraph 3.05 states in relevant part:

> the automatic stay provisions of Section 362 of the Bankruptcy Code shall be deemed modified to allow all such claimants to pursue any products liability insurers, vendors or manufacturers, provided that no judgment or settlement of any such claims shall allow collection of any such judgment against the assets of the debtor.

(Doc. 50-4, ¶ 3.05).

The plan only disallows judgments or settlements collected from International *itself.* The plan clearly contemplates that settlements or judgments *could* be recovered from International's product liability insurer—Great American Insurance Company (Doc. 50-4, ¶ 3.05; Doc.32-5, p. 10-11). Plaintiff has pleaded sufficient facts, if accepted as true, that state a claim to relief plausible on its face. Accordingly, the motion to dismiss counts one through four because of International's bankruptcy plan is **DENIED**.

**II. Strong Built Outdoors**

Plaintiff's third amended complaint alleges that Outdoors is a successor in interest to International, and asserts claims for strict liability and negligence against Outdoors in counts five and six, respectively (Doc. 46). According to Plaintiff, Outdoors became the successor in interest to International when International ceased operations (Doc. 46). The sole officer/member of International became the sole officer/member of Outdoors, and Outdoors continued the same operations as International (Doc. 46).

Outdoors contends that Plaintiff has failed to allege any facts that support Plaintiff's successor in interest theory (Doc. 50). Outdoors cites the elements required to prove successor in interest liability through "de facto merger" and then goes on to list certain words from each element that Plaintiff omits in the pleadings (*See* Doc. 50). Yet the Federal Rules of Civil Procedure do not require the heavy burden Outdoors asks the Court to impose upon Plaintiff.[1] "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555, *quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Outdoors' motion to dismiss on this issues is **DENIED**.

For Outdoors' summary judgment argument, Outdoors claims Plaintiff cannot satisfy the four prong test required under Illinois law to recover as a successor in interest through "de facto merger." (*See* Doc. 50); *see also Vernon v. Shuster*, 688 N.E.2d 1172 (1997). However, at the time

---

[1] The Court finds it unnecessary to restate the relevant legal standards for a motion to dismiss and a motion for summary judgment here since the Court articulated these standards in the preceding analysis. The same legal standards previously articulated also guide the Court here.

Defendants filed the instant motion, Outdoors had not answered discovery. At this stage of the litigation, and based on the evidence developed at the time the motion was filed, summary judgment would be entirely premature. Accordingly, Outdoors' motion for summary judgment is **DENIED**.

III. Conclusion

Defendants' joint motion to dismiss counts one through four of Plaintiff's third amended complaint (Doc. 50) is **DENIED**. To the extent Defendants ask this Court to grant summary judgment in favor of Defendants and dismiss counts one through four of Plaintiff's third amended complaint (Doc. 50), the motion is **DENIED**. Defendants' joint motion to dismiss counts five and six of Plaintiff's third amended complaint (Doc. 50) is **DENIED**. Likewise, Defendants' motion for summary judgment on counts five through six is (Doc. 50) is **DENIED**.

**IT IS SO ORDERED.**

DATED: August 28, 2012

/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge