IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GENE CROWE, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL NO. 11-354-GPM |
| | ) |
| STRONG BUILT, INC., | ) |
| STRONG BUILT INTERNATIONAL, LLC, | ) |
| STRONG BUILT OUTDOORS, LLC, | ) |
| BPS CATALOG, LLC, and | ) |
| BASS PRO, INC., | ) |
| | ) |
|       Defendants. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter comes before the Court on a motion to dismiss filed by Defendant Strong Built Incorporated ("Incorporated") (Doc. 51). Plaintiff, Gene Crowe, filed a response to Defendants' motion (Doc. 51). The Court has considered the papers and for the following reasons, the motion to dismiss (Doc. 51) is **DENIED**.

This is a lawsuit for personal injuries that Plaintiff incurred on October 3, 2007, when Plaintiff was in tree on a ladder stand (Doc. 46). Plaintiff contends that a ratchet strap manufactured and provided by Incorporated failed, which caused Plaintiff to fall to the ground and sustain injuries (Doc. 46). The third amended complaint, which is the operative complaint here, alleges that when Incorporated ceased operations, Defendant Strong Built International ("International") became the successor in interest to Incorporated (Doc. 46). The president of Incorporated became the sole officer/member of International (Doc. 46). Accordingly, counts one and two of Plaintiff's operative

complaint are alleged against International as successor in interest to Incorporated (Doc. 46). These two counts both allege Incorporated manufactured and sold an unreasonably dangerous and defective product (Doc. 46).

Defendant Incorporated contends that because counts one and two are derivative claims against International as successor in interest to Incorporated, the claims should be dismissed with prejudice (Doc. 51). Essentially, Incorporated's motion to dismiss is premised on the proposition that a predecessor in interest must be dismissed from a complaint that alleges liability under a successor in interest theory (*See Generally* Doc. 51). However, Incorporated fails to cite *any* legal authority that supports their position.

The United States Supreme Court has addressed federal pleading requirements in recent years, *see generally Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Erickson v. Pardus*, 551 U.S. 89 (2007); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), leading the Seventh Circuit Court of Appeals to issue additional guidance to the district courts.

> Our system operates on a notice pleading standard; *Twombly* and its progeny do not change this fact. *Cf. Smith v. Duffey*, 576 F.3d 336, 339-40 (7th. Cir. 2009) (noting courts' over reliance on *Twombly*). A defendant is owed "fair notice of what the … claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). Under *Conley*, just as under *Twombly*, it is not enough to give a threadbare recitation of the elements of a claim without factual support.

*Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009). A complaint must contain enough facts to state a claim to relief that is "plausible on its face" – the now familiar phrase originally used in *Twombly* – and "also must state sufficient facts to raise a plaintiff's right to relief above the speculative level." *Bissessur*, 581 F.3d at 602-03. A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. "This said, in examining the facts and matching them up with the stated legal claims, we give 'the plaintiff the benefit of imagination, so long as the hypotheses are consistent with the complaint.'" *Bissessur*, 581 F.3d at 602-03. Circuit Judge Posner has explained: "'[d]etermining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009), *quoting Iqbal*, 129 S. Ct. at 1950.

Here, Plaintiff has in fact stated a claim for relief, plausible on its face. In counts one and two of the operative complaint, Plaintiff states that Incorporated manufactured and sold an unreasonably dangerous and defective product and thus asserts two counts against International as a successor in interest to Incorporated. Plaintiff has clearly pleaded sufficient facts under the notice pleading standard to apprise Incorporated of its claims for relief and the grounds upon which each claims rest. Again, it bears noting that Incorporated fails to cite any legal authority that supports their position that a predecessor in interest must be dismissed from a complaint alleging a successor in interest liability. Accordingly, Incorporated's motion to dismiss (Doc. 51) is **DENIED**.

**IT IS SO ORDERED.**

DATED: August 28, 2012

/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge